**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

FEB 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONNIE ROY VERA,

              Petitioner - Appellant,

  v.

CHARLES L. RYAN,

              Respondent - Appellee.

No. 11-16171

D.C. No. 4:02-cv-00234-FRZ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Argued and Submitted December 7, 2012
San Francisco, California

Before: O'SCANNLAIN and CALLAHAN, Circuit Judges, and EZRA, Senior
District Judge.[**]

     Petitioner Ronnie Roy Vera appeals the district court's denial of his petition

for habeas corpus, brought pursuant to 28 U.S.C. § 2254. He raises five arguments

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]     The Honorable David A. Ezra, Senior District Judge for the U.S.
District Court for the District of Hawaii, sitting by designation.

that the Arizona state court unreasonably applied federal Constitutional law in affirming his conviction and sentence. We address each argument in turn.

The state court did not unreasonably apply the Supreme Courts' decision in *Jackson v. Virginia*, 443 U.S. 307 (1979), in finding that there was sufficient evidence to convict Vera of participating in the burglary which was the underlying felony for the felony murder conviction. Under AEDPA, we apply the standards of *Jackson* with an additional layer of deference. *See Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005). Applying that doubly deferential standard, it was not unreasonable to hold that there was sufficient evidence to find that Vera intended to aid and abet the burglary.

Vera's confession was not obtained in violation of clearly established law under either *Miranda v. Arizona*, 384 U.S. 436 (1966) or due process voluntariness. The warnings given to Vera were clear and concise, and his confession was not coerced in any way.

Vera's clearly established due process rights were not violated by a few jurors catching a fleeting view of him in handcuffs while he was being transported. The Supreme Court has only held that courts "cannot routinely place defendants in shackles or other physical restraints visible to the jury." *Deck v. Missouri*, 544 U.S. 622, 633 (2005).

Vera was not inadequately represented by counsel at his juvenile transfer proceedings. His lawyer's choice not to obtain a psychological evaluation was the family's decision, and does not raise "failure-to-investigate" concerns under *Wiggins v. Smith*, 539 U.S. 510 (2003).

Finally, Vera's sentence did not violate clearly established Supreme Court precedent on the proportionality under the Eighth Amendment. Vera's sentence of "Life Without Parole for Twenty-Five Years" was not grossly disproportionate to his conviction for First Degree Murder.[1]

**AFFIRMED.**

---

[1]Before oral argument, Vera submitted a 28(j) letter to this Court, see Fed. R. App. P. 28(j), which stated that Arizona had eliminated parole in the year before Vera was sentenced, so his sentence was more accurately characterized as a "natural life" sentence. Vera stated in the letter that his sentence runs afoul of *Miller v. Alabama*, 132 S. Ct. 2455 (2012) (holding that life without parole sentences for juveniles violate Eighth Amendment). Putting aside whether this sentence violates *Miller*, *Miller* was not decided at the time that Vera's sentence was affirmed by the Arizona Court of Appeals, and he only had raised a "gross disproportionality" claim in the state court. At oral argument, Arizona represented that Vera would be eligible for further post-conviction relief addressing this issue. Transcript of Oral Argument, *Vera v. Ryan*, No. 11-16171, at 25:50–26:30 (arguing that *Miller* is new rule of Constitutional law within meaning of Arizona Rule of Criminal Procedure 32.1, and that said Rule provides Vera with "vehicle to raise [*Miller*] claim.").